# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COZEN O'CONNOR,**<br>    **Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **THE OFFICE OF FOREIGN ASSETS CONTROL,**<br>    **Defendant.** | **NO. 17-1490** |

DuBois, J.　　　　　　　　　　　　　　　　　　　　　　　　　　　November 29, 2017

## **M E M O R A N D U M**

### I.　　INTRODUCTION

In this suit under the Freedom of Information Act ("FOIA"), plaintiff law firm asserts that defendant Office of Foreign Assets Control ("OFAC") failed to conduct a search for requested documents that could reasonably be expected to produce those documents. Currently before the Court is defendant's Motion for Summary Judgment and plaintiff's Cross-Motion for Summary Judgment. Because plaintiff has shown that there is no genuine issue of material fact that defendant's search was not reasonably calculated to uncover all relevant documents, plaintiff's Cross-Motion for Summary Judgment is granted and defendant's Motion for Summary Judgment is denied.

### II.　　BACKGROUND

The facts below are drawn from the record before the Court, which the Court construes in the light most favorable to the nonmoving party, as it must in a motion for summary judgment. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). The undisputed facts set forth in the record before the Court may be summarized as follows:

The timeline of plaintiff's request is fairly straightforward. On January 29, 2016, plaintiff submitted a FOIA request to the Department of Treasury, of which OFAC is a subdivision. Def. St. Mat. Facts, Doc. No. 11 ¶ 9.[1] The Department of Treasury did not receive plaintiff's request until May 10, 2016, when plaintiff sent an email to the Treasury Office of Privacy, Transparency, and Records. *Id.* ¶ 10. On June 3, 2016, the Department of Treasury acknowledged receipt of plaintiff's request and assigned the request to OFAC and, ultimately, the OFAC FOIA Office. *Id.* ¶ 11, 14.

In its request assigned to OFAC, plaintiff sought: "all documents related to [OFAC's] procedures for granting licenses to persons and companies to conduct business in the Republic of Cuba pursuant to 31 C.F.R. Part 515, Subpart E, including but not limited to: a) Documents related to the creation of these procedures; b) Documents related to the process by which OFAC reviews applications from potential licensees; and c) Documents related to the criteria that OFAC uses to determine whether to grant such licenses." Def. Mot. Summ. J., Doc. No. 10, ex. A.

From June 3, 2016, until January 11, 2017, the parties engaged in a series of communications regarding the status of plaintiff's request. Doc. No. 11 ¶¶ 11-20. On January 12, 2017, OFAC issued a final response to plaintiff's request, stating that OFAC did not have responsive documents. *Id.* ¶ 21. On February 3, 2017, plaintiff filed an administrative appeal of OFAC's decision. *Id.* ¶ 22. In its administrative appeal, plaintiff asserted, "It is hard to believe that OFAC does not have any procedures to determine who is eligible for these licenses and to

---

[1] Plaintiff "largely does not dispute OFAC's recitation of the chronology of [its] FOIA Request and subsequent appeal." Pl. Cross-Mot. Summ. J., Doc. No. 13 at 3. Plaintiff does not identify any disputed material facts in its briefing, and this Court was unable to identify any. Consequently, this Court will treat defendant's Statement of Material Facts as undisputed.

ensure that individual licenses to not run afoul of the [Cuba] embargo." *Id* ¶ 24. On March 20, 2017, the Director of OFAC denied plaintiff's appeal. *Id.* ¶ 26.

OFAC's internal processing of plaintiff's request is set forth in a declaration by Marshall H. Fields, Jr., Assistant Director, Information Disclosure and Records Management Division, Office of Sanctions Support Operations ("Fields Declaration"). Doc. No. 10-1. According to the Fields Declaration, the OFAC FOIA Office assigned plaintiff's request to the OFAC Licensing Division. *Id.* ¶ 18. The OFAC FOIA Office "determined that the Licensing Division is the only place where responsive records were likely to be located." The OFAC FOIA Office based its determination on its "knowledge of the records maintained by OFAC offices" and "its knowledge of and research into the subject of the request." *Id.* ¶ 19. The Licensing Division tasked senior licensing officials within the Licensing Division to search paper and electronic files for responsive documents, and on January 6, 2017, the Licensing Division reported to the OFAC FOIA Office that no responsive documents were located. *Id.* ¶ 20.

The Fields Declaration states that following denial of plaintiff's administrative appeal, the OFAC FOIA Office requested that the Licensing Division supplement its search in July 2017. Fields Declaration, Doc. No. 10-1 ¶ 23. The Licensing Division searched for the terms "Cuba," "policy," "procedure," "licensing policy," and "licensing procedure" across the OFAC system where OFAC maintains licensing records, the Licensing Division's internal shared network drive, the Licensing Division's internal intranet website, and the Licensing Division's hardcopy paper files. *Id.* These terms, defendant contends, "are derived from and go to the heart of plaintiff's request." Doc. No. 16 at 4. None of these searches located responsive documents. Doc. No. 10-1 ¶ 23.

Plaintiff filed its Complaint for Declaratory and Injunctive Relief in this Court on April 3, 2017. In the Complaint, plaintiff asserts a single violation of FOIA for "failing to make a good

3

faith effort to conduct a search for the requested records using methods which could reasonably be expected to produce those records." Comp. ¶ 5. Plaintiff also alleges that defendant failed to provide responsive records within a reasonable time. *Id.* Neither party, however, has moved for summary judgment on that basis. Consequently, this Memorandum will address only the question whether defendant's search could reasonably be expected to produce the requested records.

On August 4, 2017, defendant filed its Motion for Summary Judgment. Doc. No. 10. On August 30, 2017, plaintiff filed a Cross-Motion for Summary Judgment and Opposition to Defendant Office of Foreign Assets Control's Motion for Summary Judgment. Doc. No. 13. Defendant filed a Reply in Support of Its Motion for Summary Judgment on September 8, 2017. Doc. No. 16. These Motions are now ripe for decision.

### III.  LEGAL STANDARD

Motions for summary judgment under FOIA will be granted only if they meet the standard "as in any other[]" case. *Founding Church of Scientology, Inc. v. Nat'l Sec. Agency*, 610 F.2d 824, 836 (1979). In general, a motion for summary judgment will be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In the FOIA context, an agency's motion for summary judgment will be granted only if it "show[s] beyond material doubt that it has conducted a search reasonably calculated to uncover all relevant documents." *Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007) (quoting *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)). "The relevant inquiry is not 'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" *Abdelfattah v. United States Dep't of Homeland Sec.*, 488 F.3d 178, 182 (3d Cir. 2007) (quoting *Weisberg v.*

4

*U.S. Dep't of Justice*, 745 F.2d, 1476, 1485 (D.C. Cir. 1984)). "To demonstrate the adequacy of its search, the agency should provide a 'reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched.'" *Abdelfattah*, 488 F.3d at 182 (3d Cir. 2007) (quoting *Valencia-Lucena v. United States Coast Guard, FOIA/PA Records Mgmt.*, 180 F.3d 321, 326 (D.C. Cir. 1999)). However, "the requester may nonetheless produce countervailing evidence, and if the sufficiency of the agency's identification or retrieval procedure is genuinely in issue, summary judgment [for the agency] is not in order." *Founding Church of Scientology*, 610 F.2d at 836.

## IV. DISCUSSION

In its Motion for Summary Judgment, defendant argues that the Fields Declaration shows that its search was reasonably calculated to uncover all relevant documents and that its Motion should be granted. In its Cross-Motion, plaintiff argues that defendant's search was inadequate because (1) the scope of the search did not include divisions outside the Licensing Division, (2) defendant's search terms were inadequate, and (3) publicly available documents from defendant's website show that defendant has responsive documents in its possession. Taken together, the issues identified by plaintiff show that there is no genuine issue of material fact that defendant's search was not reasonably calculated to uncover all relevant documents. Consequently, plaintiff's Cross-Motion will be granted and defendant's Motion will be denied.

### A. Scope of the Search

The parties' Motion and Cross-Motion for Summary Judgment focus largely on the scope of defendant's search. Defendant argues that the Fields Declaration shows that its search was reasonably calculated to uncover all relevant documents. Doc. No. 10 at 10. Plaintiff, however, contends that the Fields Declaration fails to explain why OFAC's search was limited to the Licensing Division. Doc. No. 13.

The Court agrees with plaintiff that an adequate search should have covered not only the Licensing Division, but other divisions in OFAC as well. Although "[t]here is no requirement that an agency search every record system," an agency "cannot limit its search to only one record system if there are others that are likely to turn up the information requested." *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 68 (1990). The Fields Declaration states that because "the Licensing Division is the OFAC entity responsible for handling all OFAC licensing requests," the Licensing Division would be the "only place where responsive records were likely to be located." Doc. No. 10-1, ex. A at 5. Based on that statement, defendant argues that it searched the system on which OFAC maintains its licensing records, the Licensing Division's internal shared network drive, the Licensing Division's internal intranet, and the Licensing Division's hardcopy paper files. *Id.*

Plaintiff's argument, however, shows there is no genuine issue of material fact that the scope of defendant's search was inadequate. Although defendant argues the Licensing Division is the only place that could contain responsive documents, it provides no reasons to support this contention. The Fields Declaration states that the OFAC FOIA Office concluded the Licensing Division was the only entity within OFAC with responsive documents based on its "knowledge" of the entities within OFAC. The Fields Declaration does not state what "knowledge" the OFAC FOIA Office relied on or what reasoning it employed in concluding that other divisions or entities within OFAC would not be included in a reasonable search.

In fact, the Fields Declaration shows the opposite: there are divisions or entities within OFAC that should have been included in defendant's search. The Fields Declaration states that the Office of Compliance and Enforcement "provides guidance to the regulated community." Doc. No. 10-1 ¶ 8. Plaintiff's request deals not just with licensing records, but with the policies and procedures for reviewing and granting licenses. Guidance provided by the Office of

6

Compliance and Enforcement could reasonably address the procedures for granting licenses or the process for reviewing applications. Defendant has provided no reasons why other entities within OFAC, including the Office of Compliance and Enforcement, would not have relevant documents or why it did not search those entities.

The courts of appeals have reversed grants of summary judgment for defendant agencies where the agencies failed to provide reasons why they did not search other divisions or entities. In *Oglesby v. U.S. Department of Army*, 920 F.2d at 60–61, a plaintiff filed suit against the United States Department of State and other agencies, alleging they improperly denied his FOIA requests in connection with a book about German general Reinhard Gehlen. The district court in *Oglesby* granted each of the agencies' motions for summary judgment. *Id.* at 61. On appeal, plaintiff argued, among other things, that the State Department's search for documents was inadequate because its affidavit stated that it had searched only the record system it deemed "most likely" to contain the requested information. *Id.* at 67. The State Department's affidavit further stated that "based upon the information contained in Mr. Oglesby's letter, and consistent with customary practice and established procedure, a search was initiated of the Department record system most likely to contain the [requested] information." *Id.* at 68. The Court of Appeals for the District of Columbia Circuit agreed with the plaintiff and rejected the State Department's search as inadequate, stating:

> [An] agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested. It is not clear from State's affidavit that the Central Records system is the only possible place that responsive records are likely to be located. At the very least, State was required to explain in its affidavit that no other record system was likely to produce responsive documents.

*Id.* at 68.

7

The *Oglesby* court ruled that the agency had not carried its burden to show that it conducted a search reasonably calculated to uncover all relevant documents and remanded the case for further proceedings. *Id.* The court stated that, on remand, "the district court may order State to submit a reasonably detailed affidavit upon which the reasonableness of its search can be judged."

Similarly, in *Campbell v. United States Department of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998), the District of Columbia Circuit reversed a grant of summary judgment for the defendant agency because the agency had improperly limited its search to one record system. Plaintiff in that case filed a FOIA request with the Department of Justice, seeking documents for a biography of James Baldwin. *Id.* at 26. The district court granted the Department of Justice's motion for summary judgment and denied plaintiff's cross motion. *Id.* at 26–27. The plaintiff appealed, arguing that the Department of Justice's search was inadequate because it had been limited to the agency's central records system. *Id.* at 27. An adequate search, the plaintiff argued, would have included a separate file on electronic surveillance. *Id.* In its affidavit, the Department of Justice stated that in the "vast majority of cases" searches outside the central records system were "unnecessary." *Id.* The District of Columbia Circuit rejected the Department of Justice's argument, holding that it "must search" electronic surveillance files in addition to its central records system "in response to a general FOIA request for which [electronic surveillance files] may be relevant." *Id.* at 28. On remand, the agency was directed to search the electronic surveillance file and respond to plaintiff's request accordingly. *Id.* at 29.

Similarly, in this case, defendant has failed to explain why it limited its search to the Licensing Division, when the agency's own declaration shows that documents in the possession of other divisions "may be relevant." Viewing the record in the light most favorable to

8

defendant, the Court concludes that there is no genuine issue of material fact that the scope defendant's search was inadequate.

### B. Search Terms Used

Plaintiff also argues that defendant's search was not reasonably calculated to uncover all relevant documents because its selected search terms were inadequate. In addition to OFAC's search for the terms "Cuba," "policy," "procedure," "licensing policy," and "licensing procedure," plaintiff argues that defendant should have used additional terms such as "guidelines," "directions," "instructions," or "guidance." This Court agrees that the search terms used by defendant were inadequate, although for different reasons than plaintiff provides. *Cf. Physicians for Human Rights v. United States DOD*, 675 F. Supp. 2d 149, 164 (D.D.C. 2009) (stating that agencies may "properly exercise[] their discretion in crafting lists of search terms" and "there is no bright-line rule requiring agencies to use the search terms proposed" by a requester).

It is clear from the record that defendant's search terms were not reasonably calculated to uncover documents relevant to plaintiff's third request for the "criteria that OFAC uses to determine" whether to grant licenses. None of the search terms used by defendant are related to that "criteria." Defendant's search terms instead focus only on plaintiff's first two requests covering defendant's procedures and policies for reviewing applications. Consequently, the Court concludes that, viewed in the light most favorable to defendant, the record leaves no genuine issue of material fact that the search terms used by the defendant were inadequate.

### C. Positive Indications of Overlooked Materials

As a final point, plaintiff argues that documents posted to defendant's website demonstrate that defendant has responsive documents in its possession that it failed to produce. Doc. No. 13 at 3. The Court concludes that, taken with the other inadequacies in defendant's

9

search, the existence of such documents shows that there is no genuine issue of material fact that defendant's search was inadequate. Although "it is long settled that the failure of an agency to turn up one specific document in its search does not alone render a search inadequate . . . [i]n certain circumstances, a court may place significant weight on the fact that a records search failed to turn up a particular document in analyzing the adequacy of a records search." *Duenas Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003). If "a review of the record raises substantial doubt, particularly in view of 'well-defined requests and positive indications of overlooked materials,' summary judgment [for the agency] is inappropriate." *Valencia-Lucena*, 180 F.3d at 326 (quoting *Founding Church of Scientology*, 610 F.2d at 837).

To support its argument, plaintiff has supplemented the record with publicly available documents from defendant's website. Doc. No. 13 at 3. One document outlines the differences between a "general license" provided by regulation and a "specific license" provided by OFAC. *Id.*, ex. A. That document states that "the Regulations now contain[] general licenses authorizing, with certain limitations . . . person[s] subject to the jurisdiction of the United States to engage in certain transactions involving the United States and Cuba." *Id.* The document further provides that, for activities not covered by a general license, an applicant must seek a specific license from OFAC on a "case-by-case" basis; the document then lists the materials required in an application for a specific license. *Id.* A second document provides links to guidance on licenses for certain publishing activities, guidance on licenses to transfer claims against Cuba certified by the Foreign Claims Settlement Commission, and "guidance on OFAC licensing policy." Doc. No. 13, ex. B.

In response, defendant argues that "not one of the webpages . . . references or alludes to any procedures relating to granting licenses to do business in Cuba," but instead addresses only the procedures for *applying* for a license. Doc. No. 16 at 2.

The Court agrees with plaintiff. Defendant's arguments notwithstanding, these document reference defendant's policies and procedures for granting licenses to do business in Cuba. The documents distinguish between general and specific licenses, instruct applicants on what to include in applications for specific licenses, and provide guidance to applicants on specific topics. It is reasonable to infer that defendant has additional documents related to the policies and procedures embodied in the documents supplied by plaintiff. Considered in light of the inadequacy of the scope of defendant's search and the inadequacy of the search terms used by the defendant, the "positive indications of overlooked materials" in this case show that there is no genuine issue of material fact as to the inadequacy of defendant's search.

The courts of appeals have reversed grants of summary judgment for defendant agencies where there are positive indications of overlooked materials. In *Oglesby v. United States Department of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996), plaintiff sought documents from various agencies, including the United States Army, for a book about German general Reinhard Gehlen. Following an earlier remand from the District of Columbia Circuit, the district court granted various motions for summary judgment filed by the agencies, including the Army. *Id.* The Army had previously explained in a letter to plaintiff that it had searched two indices of records in response to plaintiff's request. *Id.* at 1185. On appeal, plaintiff argued that the Army had failed to explain why it had searched only those two indices. *Id.* To support his argument, plaintiff supplemented the record with an earlier book about Gehlen by another author that stated the author had received "well over a thousand documents" from the Army in response to FOIA requests. *Id.* The District of Columbia Circuit held that "[a]lthough information in the record fails to reveal the precise nature of the FOIA request the book author submitted" and therefore could not "prove" that the Army's search was inadequate, plaintiff had sufficiently "raise[d] enough of a doubt to preclude summary judgment in the absence of an affidavit describing

Army's filing system and decision to search only the [two identified] indices." *Id.* The District of Columbia Circuit remanded the case and directed that, on remand, the Army must provide "a relatively detailed affidavit addressing the issue." *Id.*

Similarly, in *Aguiar v. Drug Enforcement Agency*, 865 F.3d 730, 733 (D.C. Cir. 2017), a plaintiff sued the DEA for failure to provide documents in response to plaintiff's FOIA request related to his conviction of narcotics offenses. In particular, plaintiff sought four administrative subpoenas that the DEA had issued during its investigation of plaintiff's offenses, but was unable to find in response to plaintiff's request. *Id.* The district court granted the DEA's motion for summary judgment, relying on the DEA's affidavit that its search of two particular case files "would have uncovered all subpoena related information" in its possession. *Id.* at 734. The District of Columbia Circuit reversed, stating that the DEA affidavit stated only that "no other record systems [were] reasonably likely to contain" the subpoenas, but did not explain why that was the case. *Id.* at 739. There was no dispute that the subpoenas had once existed. *Id.* Where there were such "positive indications of overlooked materials," the agency was required to explain why the requested documents were unlikely to be located elsewhere or conduct an adequate search for those documents. *Id.* The District of Columbia Circuit remanded and stated that, on remand, the agency could file a new declaration explaining why the two files were the only ones "likely to contain the subpoenas." *Id.*

Taken as whole, the record in this case—including the scope of defendant's search, the terms used in that search, and the indications of overlooked materials—shows there is no genuine issue of material fact that defendant's search was inadequate. Defendant failed to search beyond a single division or use search terms responsive to each of plaintiff's requests, and the "positive indications of overlooked materials" support plaintiff's contention that defendant's search was inadequate. Defendant has failed to explain why its search did not included divisions

other than the Licensing Division or why it selected the search terms it used. Even in the light most favorable to defendant, the record leaves no genuine issue of material fact that defendant's search was not reasonably calculated to uncover all relevant materials. Thus, plaintiff's Cross-Motion for Summary Judgment is granted; defendant's Motion for Summary Judge is denied.

## V. CONCLUSION

For the foregoing reasons, plaintiff Cozen O'Connor's Cross-Motion for Summary Judgment is granted and defendant Office of Foreign Assets Control's Motion for Summary Judgment is denied. Defendants shall conduct additional searches in accordance with this Memorandum. Before doing so, the parties shall meet and confer regarding the scope of defendant's searches and defendant's selected search terms within ten (10) days. After any disputes regarding the scope of defendant's searches and selected search terms are resolved by agreement or supplemental court order, defendant shall perform the searches and produce any responsive documents within thirty (30) days. An appropriate order follows.